UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CASIANO,

                    Plaintiff,

        -against-

THE CITY OF NEW YORK; THE NEW
YORK CITY POLICE DEPARTMENT;
POLICE OFFICER ANGELA POLANCO-
BRITO, SHIELD # 4956; JOHN DOES/JANE
DOES, NEW YORK CITY POLICE
DEPARTMENT – 34TH PRECINCT,

                    Defendants.

19-CV-3968 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Anthony Casiano, who is currently incarcerated in Sing Sing Correctional

Facility, is proceeding *pro se* and *in forma pauperis*. He filed this complaint under 42 U.S.C.

§ 1983, alleging that Defendants violated his constitutional rights.

By order dated June 24, 2019, the Court dismissed Plaintiff's claims: (1) against the

Police Department, 34th Precinct; (2) against New York City; and (3) on behalf of others. The

Court declined to intervene in Plaintiff's ongoing state-court proceedings and directed Plaintiff to

amend his false arrest claim to address the deficiencies in his original pleading.

Plaintiff filed his amended complaint on August 15, 2019, and he names the City of New

York; the New York City Police Department; Police Officer Angela Polanco-Brito; and

John/Jane Doe Officers of the 34th Precinct as Defendants. Plaintiff reiterates many of the

allegations contained in his original complaint and he attaches four pages on which he has

written "Discovery"; these pages appear to pertain to his ongoing criminal proceedings, Ind. No.

3900/18. (ECF No. 7 at 9-12.)[1] Three of the pages (*id.* at 10-12) are a Decision and Order denying Plaintiff's challenge to a search warrant.

## DISCUSSION

The Court has reviewed Plaintiff's amended complaint and dismisses it for the reasons discussed below.

**A.      Rule 5.2(a)(3) of the Federal Rules of Civil Procedure**

In Plaintiff's complaint (ECF No. 2) and in the attachments to Plaintiff's amended complaint (ECF No. 7), he includes the full name of a minor. Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any references to a minor in court submissions must be made by referring only to the minor's initials.

Because of Plaintiff's failure to comply with this rule, the Clerk of Court is directed to limit access to ECF Nos. 2 and 7 on the Court's CM/ECF database to a "case participant only" basis. Any future submissions must comply with Rule 5.2(a)(3).

**B.      The City of New York**

Plaintiff's claims against the City of New York must be dismissed.

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

F.3d 324, 333 (2d Cir. 2011).  In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

As in his original pleading, Plaintiff does not allege the existence of a municipal policy, custom, or practice that caused the violation of his constitutional rights. Plaintiff's claim against the City of New York is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.       The New York City Police Department**

Plaintiff's claims against the New York City Police Department must also be dismissed.

City agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Plaintiff's claim against the New York City Police Department is therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.       False Arrest Claim**

As noted in the Court's June 24, 2019 order, a claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir.

2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Plaintiff alleges that on October 26, 2018, Defendant Polanco-Brito and other officers from the 34th Precinct entered 516 Fort Washington Avenue without a search warrant and vouchered four cell phones recovered from Plaintiff's person, and that these cell phones were later used as evidence to bring criminal charges against Plaintiff.

The "discovery" documents belie Plaintiff's assertions that he was falsely arrested. On October 26, 2018, Defendant Polanco-Brito apprehended a minor at 516 Fort Washington Avenue, pursuant to an open complaint filed on September 26, 2018, by the minor's mother, alleging that, during an argument, the minor slashed her mother with a knife. (ECF No. 7 at 9.) At the time the minor was arrested, she had four cell phones in her possession, and the cell phones were vouchered. (*Id.*) It appears that data found on the four cell phones – contacts between the minor's phone and other cell phone numbers − led law enforcement to believe that the minor was involved in prostitution, and one of phone numbers was linked to Plaintiff. (*Id.* at 10, New York State Supreme Court July 18, 2019 Decision and Order.) Messages between the minor's phone and Plaintiff's phone indicated that Plaintiff was using the minor for purposes of promoting prostitution, and that Plaintiff was involved in bringing the minor to meet dates. (*Id.* at 11.) In furtherance of their investigation, law enforcement obtained a search warrant for subscriber information and cell site data for the period February 28, 2018, to November 7, 2018. (*Id.* at 10.)

Plaintiff challenged the warrant as lacking probable cause and as overly broad. By Decision and Order dated July 19, 2019, Acting Justice Melissa C. Jackson held that Plaintiff lacked standing to contest the warrants issued for the four cell phones recovered from the minor or the information related to the other cell phone numbers, and Plaintiff's motion to challenge the search warrant was denied. (*Id.* at 12.)

Plaintiff's amended complaint does not allege facts showing that officers lacked probable cause to arrest him. If anything, it shows the opposite, and the Court therefore dismisses Plaintiff's false arrest claim for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.    Ongoing Criminal Proceedings**

A search of the records of the New York State Unified Court System reveals that Plaintiff's criminal proceedings are ongoing and the next scheduled court date is November 19, 2019. *See* https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch.

To the extent that Plaintiff is asking the Court to intervene in his pending state-court criminal proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceedings. The Court will therefore not intervene in those proceedings.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 29, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge